# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA ROBERTS,<br><br>    Plaintiff(s),<br><br>v.<br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, et al.,<br><br>    Defendant(s). | Case No.: 2:18-cv-00649-APG-NJK<br><br>**Order**<br><br>[Docket No. 12] |

Pending before the Court is Plaintiff's motion to amend the complaint so that Officers Devore, LeBlanc, and Lilienthal are identified as defendants. Docket No. 12. The already-appearing Defendants filed a response in opposition. Docket No. 13. Plaintiff filed a reply. Docket No. 14. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to amend the complaint is **GRANTED**.[1]

This is a civil rights case brought by Plaintiff, a prisoner appearing *pro se*. Plaintiff brought causes of action under 42 U.S.C. § 1983 alleging the use of excessive force in his arrest, conspiracy to fabricate evidence, and assault and battery. In his initial complaint filed in state court, Plaintiff

---

[1] It is within a magistrate judge's authority to grant leave to amend the complaint. *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs.*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

identified in the caption the already-appearing Defendants and ten doe defendants.[2] Plaintiff did not identify Officers Devore, LeBlanc, or Lilienthal as defendants in the caption, but the initial complaint raises factual allegations tying those officers to the underlying events giving rise to Plaintiff's claims.[3] Plaintiff has now filed the instant motion to name these officers as defendants.

The already-appearing Defendants contend that Plaintiff cannot now name Officers Devore, LeBlanc, or Lilienthal as defendants under the relation-back provisions in the Federal Rules of Civil Procedure governing the naming of new parties after the expiration of the statute of limitations.[4] The very foundation presented for this argument dooms it. In particular, the already-appearing Defendants contend that the initial complaint and the exhibits thereto already provided the factual basis for claims against Officers Devore, LeBlanc, and Lilienthal. *See* Docket No. 13 at 4-5. The already-appearing Defendants submit that they assumed that Plaintiff wished to forego his claims against Officers Devore, LeBlanc, or Lilienthal because the initial complaint included allegations against them but did not formally name them as defendants. *See id.* at 9.

---

[2] These doe defendants are described as "LVMPD Officers/staff" who "had a duty not to violate the constitutional rights (Nev. and U.S.) of arrestees and not to break the law (NRS) in the performance of their duties." Docket No. 1-2 at 3.

[3] This case arises out of Plaintiff's arrest on April 20, 2016, and alleged misrepresentations by officers regarding the circumstances of that arrest. Allegations regarding Officers Devore, LeBlanc, and Lilienthal appear regularly in the initial complaint. For example, the initial complaint alleges that Officer Lilienthal falsely reported that Plaintiff hit another officer's car. *See* Docket No. 1-2 at 5, 7. The initial complaint also alleges that Officers Devore and LeBlanc were active participants in Plaintiff's restraint and arrest. *See id.* at 6-7. These and other factual allegations were expressly incorporated into the later sections in which the causes of action were stated. *Id.* at 10, 13, 16. Even more directly, Officers Devore, LeBlanc, and Lilienthal are identified by name as participants in the alleged conspiracy to fabricate evidence upon which Plaintiff's second cause of action is premised. *Id.* at 15 (alleging that the circumstances of Plaintiff's arrest were portrayed inaccurately even though the events were "observed, known, and or communicated to the other officers who assisted in arresting Roberts, including, but not limited to: Detective Jackson, Detective Lilenthal [sic], Det. Leblanc and Det. Devore"). The conduct of Officers Devore, LeBlanc, and Lilienthal is also described several times in the attachments to the initial complaint. *See, e.g.*, *id.* at 24, 27-28, 30.

[4] The already-appearing Defendants provide no citation or discussion in support of their *ipse dixit* that the statute of limitations previously expired. *See* Docket No. 13 at 10. The already-appearing Defendants also provide no explanation why the relation-back inquiry would be governed by federal law. *Cf. Banks v. Joyce*, 2015 WL 1137756, at *3 (D. Nev. Mar.12, 2015) ("because Nevada law provides the two-year statute of limitations applicable in this § 1983 suit, the court must examine whether Nevada law permits relation back to amend doe pleadings"). Given the disposition of the motion, the Court need not opine on either issue.

2

The fundamental problem with the already-appearing Defendants' position is that "the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). Instead, courts look to whether the party "was sufficiently identified in the body of the complaint" for the action to be properly maintained against him. *Yeseta v. Baima*, 837 F.2d 380, 382-83 (9th Cir. 1988). Moreover and importantly, the Ninth Circuit has directed that this Court has "an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Construing the initial complaint liberally, as the Court must, the inclusion of the factual allegations and exhibits related to Officers Devore, LeBlanc, and Lilienthal sufficed to render them defendants in the initial complaint regardless of whether they were named as such in the caption.[5] Given those circumstances, the Court need not evaluate whether the amended complaint relates back to the initial complaint for the purposes of adding new parties because Officers Devore, LeBlanc, and Lilienthal are not new parties being added. *Cf. Barsten v. Dept. of Interior*, 896 F.2d 422, 424 (9th Cir. 1990) ("Rule 15(c) is inapplicable in light of our holding that Barsten adequately named the Secretary in the complaint"). Therefore, the already-appearing Defendants' relation-back arguments fail.

Having rejected the already-appearing Defendants' relation-back arguments, the Court turns to the standards for amendment more generally. Courts examine whether amendment is proper under the standards outlined in Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per*

---

[5] The Court is cognizant that its analysis differs from what is presented by the parties. Nonetheless, the Court is required to apply the law correctly even when the parties do not do so. *See, e.g.*, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). Moreover, as noted above, the Court has an obligation to construe liberally the pleadings of *pro se* plaintiffs, especially when they are prisoners bringing civil rights claims. *E.g. Blaisdell*, 729 F.3d at 1241.

3

*curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Because of the liberal policy in favor of amendment, the party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)). In this case, Plaintiff's motion is expressly premised on Rule 15(a), Docket No. 12 at 2, but the already-appearing Defendants fail to provide meaningfully developed argument regarding the above standards, *see* Docket No. 13.[6] As such, they did not meet their burden of showing that amendment should be disallowed. Moreover, the Court finds amendment is proper. *Cf. Barsten*, 896 F.2d at 423-24 (a plaintiff should be given leave to amend under Rule 15(a) to properly name the defendants).

In short, for the reasons discussed above, the motion for leave to amend is hereby **GRANTED**. The Clerk's Office is **INSTRUCTED** to file the proposed amended complaint (Docket No. 12-1) on the docket, and shall issue summonses to Officers Devore, LeBlanc, and Lilienthal. The notice of electronic filing of the amended complaint shall constitute sufficient service as to the already-appearing Defendants, *see* Fed. R. Civ. P. 5(b); *Employees Painters' Trust v. Ethan Enterps., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007), and they shall respond to the amended complaint within the timeframe provided by the applicable rules.

Counsel for the already-appearing Defendants are **ORDERED** to file a notice, within 14 days of the issuance of this order, as to whether they will accept service on behalf of Officers Devore, LeBlanc, and Lilienthal. If service will not be accepted, the Court will provide a

---

[6] The already-appearing Defendants focus their attention instead on arguing that the motion is untimely under the scheduling order and that Plaintiff failed to satisfy the standards for extending that deadline under Rule 16 of the Federal Rules of Civil Procedure. Docket No. 13 at 6-8. This argument fails from the start as the motion to amend was timely. *See Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009) (applying mailbox rule); *see also* Docket No. 12 at 4.

4

reasonable period of time for service to be effectuated on Officers Devore, LeBlanc, and Lilienthal.[7]

IT IS SO ORDERED.

Dated: September 27, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[7] The Court must extend the service deadline upon a showing of good cause and retains broad discretion to extend that deadline even absent good cause. *E.g.*, *in re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001). The circumstances of this case justify an extension of this deadline.