UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA ROBERTS,<br><br>Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendant(s). | Case No.: 2:18-cv-00649-APG-NJK<br><br>**Order** |

On September 27, 2018, the Court granted Plaintiff leave to file an amended complaint naming Las Vegas Metropolitan Police Department (LVMPD) Officers Devore, LeBlanc, and Lilienthal explicitly as Defendants. Docket No. 16. As part of that order, the Court directed the already-appearing Defendants, including LVMPD, to indicate whether they would accept service on these officers' behalf. *Id.* at 4. LVMPD declined to accept service. *See* Docket No. 20.

Given LVMPD's refusal to accept service and Plaintiff's pauper status, personal service would then be completed on these officers personally by the United States Marshal Service. *See* Docket No. 23. To enable that personal service, the Court ordered that these officers' home addresses be filed under seal. *Id.* LVMPD has refused to provide those addresses for Officers LeBlanc and Lilienthal, however, and instead reversed course to indicate that LVMPD would now accept service on their behalf through physical service at LVMPD headquarters on the Risk Management Department. *See* Docket No. 25 at 5.

Given that LVMPD has now indicated that it will accept service on behalf of Officers LeBlanc and Lilienthal, the Court fails to discern why physical service by the Marshal Service at LVMPD headquarters is required rather than LVMPD filing a waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. *Cf. Picozzi v. Clark Cty. Det. Cntr.*, 2017 U.S. Dist. Lexis 171264, at *6 (D. Nev. Oct. 16, 2017) (Leen, J.) (declining to order additional physical service attempt on retired LVMPD officer, and instead ordering LVMPD to file a waiver of service). Indeed, requiring substituted physical service on LVMPD when LVMPD is already participating in this case is contrary to LVMPD's overarching duty to strive for the just, speedy, and inexpensive determination of proceedings, Fed. R. Civ. P. 1, and is contrary to LVMPD's more particular "duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1).

Accordingly, no later than October 19, 2018, LVMPD is **ORDERED** to file a waiver of service with respect to Officers LeBlanc and Lilienthal, and their response to the amended complaint shall be filed by November 2, 2018. The Court **INSTRUCTS** that, even if Plaintiff provides a USM 285 form for Officers LeBlanc and Lilienthal pursuant to the Court's previous order, the United States Marshal Service shall refrain from attempting physical service on them.

To be clear, nothing herein impacts the required service on Officer Devore. Plaintiff must still provide the USM 285 form for Officer Devore and the United States Marshal Service shall proceed with attempting service on Officer Devore at his last-known address identified in Docket No. 25 once that USM 285 form has been provided by Plaintiff.

IT IS SO ORDERED.

Dated: October 15, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

cc: United States Marshal Service

2