# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA ROBERTS,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:18-cv-00649-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 35, 36] |

Pending before the Court are Plaintiff's motions to extend the time to serve Defendant Devore, for an order regarding the means to complete service, and to extend other deadlines. Docket Nos. 35, 36. Defendants filed a response in partial opposition. Docket No. 37. The motions are properly resolved without a hearing. *See* Local Rule 78-1. The motions are hereby **GRANTED** in part and **DENIED** in part as stated below.

## I.　EXTENSION OF DEADLINE TO SERVE DEFENDANT DEVORE

Plaintiff first asks for an extension to the deadline to serve Defendant Devore. Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). As Plaintiff notes, the United States Marshal Service has been unable to effectuate service to date. The Court will permit an additional extension and this aspect of the motions will be granted. Service shall be completed on Defendant Devore by March 15, 2019. Given the procedural posture of this case, the Court is not inclined to grant further extensions to this deadline.

1

## II. AN ORDER REGARDING THE MEANS TO COMPLETE SERVICE

Plaintiff next asks the Court (1) to order the Marshals to locate Defendant Devore for Plaintiff so that service can be effectuated, (2) to order "another service" to help Plaintiff serve Defendant Devore, or (3) to allow service by publication while waiving the cost therefor. The Court has outlined the procedures and responsibilities attendant to effectuating service in a prisoner civil rights case in which the plaintiff is proceeding *in forma pauperis*:

> In cases involving a plaintiff proceeding *in forma pauperis*, service on the defendant may be effectuated by the United States Marshal. Nonetheless, it is ultimately the plaintiff's responsibility to obtain an address at which the defendant may be served by the Marshal. Moreover, when the Marshal is not able to effectuate service based on the information provided, the plaintiff must seek further relief to remedy that situation. While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed. [I]t is [the plaintiff's] responsibility once the initial service attempt proved unsuccessful to file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

*Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017) (internal citations and quotations omitted), *adopted*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018).

In this case, Plaintiff has essentially asked the Court to figure out a means by which Defendant Devore may be served, identifying various theoretical paths toward service without providing any reason to believe that any of them is viable. For example, Plaintiff provides no legal authority or meaningful discussion that the Court is empowered to order the United States Marshal Service to find Defendant Devore, and such relief is contrary to the authority requiring the <u>plaintiff</u> to do so. Similarly, Plaintiff has not shown that service by publication is appropriate and provides no legal authority or meaningful discussion that the Court is empowered to allow him to do so without making appropriate payment to, *inter alia*, the news publication providing the notice. The Court is well aware of the difficulties a prisoner may have in effectuating service, but it is ultimately his responsibility to do so. The Court cannot act as the prisoner's attorney to determine an appropriate method for meeting that responsibility. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("judges have no obligation to act as counsel or paralegal to *pro se* litigants").

Accordingly, this aspect of the motions will be denied. Any renewed motion must identify with specificity the relief sought and must explain why the Court should grant that relief.

## III. EXTENSION OF OTHER DEADLINES

Plaintiff next seeks an extension of the other deadlines in the case given the inability to date to serve Defendant Devore. The pretrial phase of this case is coming to a close, with discovery ending on December 27, 2018, and dispositive motions due on January 28, 2019. *See* Docket No. 19. At this stage, it is unclear if or when Defendant Devore will be served. *See* Docket No. 34 (latest unexecuted summons indicating that Defendant Devore has moved). The Court declines to delay further the resolution of this case as it pertains to the appearing Defendants, and this aspect of the motions will be denied.[1]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motions are hereby **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: January 7, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] In the event Defendant Devore is eventually served, Plaintiff and/or Defendant Devore may seek relief from the deadlines as currently established.

3