UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA ROBERTS,<br><br>    Plaintiff<br><br>v.<br><br>STEVE DEVORE, BRENDON LEBLANC, BRIAN JACKSON,<br><br>    Defendants | Case No.: 2:18-cv-00649-APG-NJK<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>[ECF No. 156] |

The defendants prevailed at trial, winning a jury verdict in their favor on all of plaintiff Joshua Roberts' claims against them. The defendants now move for an award of the attorneys' fees they incurred after Roberts rejected their offer of judgment. ECF No. 156. Because Roberts brought his claims in good faith and had a reasonable basis to reject the defendants' offer of judgment, I deny the motion for fees.

After the parties were unable to resolve the case at a settlement conference, the defendants served on Roberts an offer of judgment for $25,000. ECF No. 156-2. That offer was based on both Federal Rule of Civil Procedure 68 and Nevada Rule of Civil Procedure 68. *Id.* Nevada Rule 68 allows for recovery of attorneys' fees based upon a rejected offer of judgment. Nev. R. Civ. P. 68(f)(1)(B). In a diversity case like this, a federal court may award fees under that state rule. *Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016) (citations omitted).

The Supreme Court of Nevada has set forth factors for courts to consider in ruling on a motion for fees under Nevada Rule 68:

> In exercising its discretion regarding the allowance of fees and costs under NRCP 68, . . . the trial court must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount;

      (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).  None of these factors is outcome determinative.  However, if the "court determines that the three good-faith *Beattie* factors weigh in favor of the party that rejected the offer of judgment, the reasonableness of the fees requested by the offeror becomes irrelevant, and cannot, by itself, support a decision to award attorney fees to the offeror." *Frazier v. Drake*, 357 P.3d 365, 373 (Nev. App. 2015).

      Roberts sued the defendants for injuries he sustained in connection with an arrest.  Roberts alleged, among other things, that the individual defendants kicked him in the head, beat him, and conspired to cover up their actions.  The defendants denied they did so, and posited that Roberts could have been injured in at least five different ways. *See* ECF No. 157 at 2.  Although the jury rejected Roberts' claims, he offered sufficient testimony and evidence that the jury could have ruled in his favor.  Having sat through the trial, I find that Roberts brought his claims in good faith.

      The defendants' offer of $25,000 to settle before trial was reasonable and made in good faith.  Roberts had physical evidence of his injuries, including photographs taken immediately after the incident.  And Roberts' rejection of the offer was not unreasonable or in bad faith.  Although he had no medical records or testimony to help show causation and explain the injuries to the jury (*see* ECF No. 157 at 7-8), the photographs of the injuries were graphic reminders of his damages and could have incited the jury to award a significant amount if it found the facts in his favor, especially with today's increased attention on allegations of police abuse.  Finally, the defendants' fees (measured by the rates and hours charged) were reasonable for this type of case.

Based upon the balancing of the *Beattie* factors, I decline to award the defendants their attorneys' fees. Roberts did not engage in bad faith litigation. And civil rights plaintiffs should not be penalized for pressing non-frivolous claims. *Cf. Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 673 (Nev. 1998) (Offers of judgment should not "have the effect of unfairly forcing litigants to forego legitimate claims.") (citing *Beattie*, 668 P.2d at 274).

I THEREFORE DENY the defendants' motion for attorneys' fees (ECF No. 156).

Dated: March 10, 2021.

_____
Andrew P. Gordon
United States District Judge